UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

EFRAIN ANTONIO CAMPO FLORES, and
FRANQUI FRANCISCO FLORES DE FREITAS,

Defendants.

S2 15 Cr. 765 (PAC)


**THE GOVERNMENT'S MOTION TO QUASH DEFENSE SUBPOENAS AND FOR
OTHER RELIEF RELATING TO THE UPCOMING SUPPRESSION HEARING**


PREET BHARARA
United States Attorney for the
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

Emil J. Bove III
Brendan F. Quigley
Assistant United States Attorneys
    *Of Counsel*

## **TABLE OF CONTENTS**

BACKGROUND ............................................................................................................. 2

LEGAL STANDARDS AT THE HEARING ........................................................................ 2

DISCUSSION ................................................................................................................ 4

    I. The Defendants' Document Requests Should Be Quashed and the Court Should
Restrict the Scope of Any Confidential Source Testimony ........................................ 4

        A. Relevant Facts ........................................................................................... 4

        B. Applicable Law ......................................................................................... 5

        C. Discussion ................................................................................................. 6

            1. The Defendants' Overbroad Requests for Documents and Information Should Be
Quashed .......................................................................................................... 6

            2. The Scope of the Confidential Sources' Testimony Should Be Restricted to the
Defendants' Spoliation Arguments ..................................................................... 8

    II. The Parties Agree that Sensitive Features of the Recording Devices
Are Beyond the Scope of the Hearing .................................................................... 9

CONCLUSION ............................................................................................................. 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-v.-

EFRAIN ANTONIO CAMPO FLORES, and
FRANQUI FRANCISCO FLORES DE FREITAS,

                                        Defendants.

S2 15 Cr. 765 (PAC)

 

The Government respectfully submits this memorandum seeking orders: (i) quashing, in whole or in part, subpoenas served by the defendants that contain overbroad requests for documents and information; and (ii) restricting the scope of any testimony from DEA confidential sources at the suppression hearing scheduled for September 8 and September 9, 2016, to only those issues that are necessary to resolve the defendants' spoliation claims.

The Government is also submitting this memorandum in order to describe an agreement between the parties regarding limitations on the scope of questioning and testimony at the hearing regarding three types of highly sensitive recording devices that were used to surreptitiously record statements of the defendants during the investigation.

1

## BACKGROUND

At the upcoming hearing, the Government will establish through documents and testimony from witnesses that:  (i) the defendants were detained in Haiti by foreign law enforcement officials who identified themselves as such, expelled by the Haitian government and taken into custody by the DEA, and transported promptly to this District where they were presented on the pending charge expeditiously; (ii) during the flight from Haiti to the United States, the defendants confessed to participating in the charged cocaine-importation conspiracy, without a two-step interrogation or other form of coercion, and only after they waived their *Miranda* rights knowingly, voluntarily, intelligently, and in writing; and (iii) the DEA did not lose or destroy any evidence, and the defendants' spoliation motion is therefore meritless.

## LEGAL STANDARDS AT THE HEARING

With respect to the defendants' motion to suppress their confessions, the Government bears the burden of showing by a preponderance of the evidence that the defendants knowingly, intelligently, and voluntarily waived their *Miranda* rights against self-incrimination and that the confessions were otherwise voluntary.  *See Colo.* v. *Connelly*, 479 U.S. 157, 168 (1986).  The Government also bears the burden of showing by a preponderance of the evidence, based on "the totality of the objective and subjective evidence surrounding the interrogations," that the agents "did not engage in a deliberate two-step process designed to thwart [the defendants'] *Miranda* rights."  *United States* v. *Moore*, 670 F.3d 222, 230 (2d Cir. 2012) (internal quotation marks omitted).

2

In contrast, as to the defendants' motion based on the purported spoliation of evidence, the defendants bear the burden of showing that: (i) collected evidence was, in fact, lost or destroyed;[1] (ii) the destroyed evidence "possessed exculpatory value that was apparent before [it] was destroyed," *California* v. *Trombetta*, 467 U.S. 479, 489 (1984); (iii) the evidence was "of such a nature that the defendant[s] would be unable to obtain comparable evidence by other reasonably available means," *id.*; and (iv) the Government acted in bad faith, *Arizona* v. *Youngblood*, 488 U.S. 51, 58 (1988). *See* Opinion at 18, *United States* v. *Greenberg*, Nos. 14-4208-cr(L), *et ano.* (2d Cir. Aug. 31, 2016) ("*Greenberg* Op.").[2] Only if the defendants meet their burden on each of these factors does the burden shift to the Government, which must then show that sanctions should not be imposed because the defendants were not prejudiced. *United States* v. *Bufalino*, 576 F.2d 446, 449-51 (2d Cir. 1978) (affirming district court's decision to deny motion to suppress all recordings of conversations between defendant and cooperating witness, even though some recordings were "deliberate[ly]" destroyed).

---

[1] *See United States* v. *Ramirez*, No. 09 Cr. 446, 2011 WL 6945199, at *2 (S.D.N.Y. Dec. 23, 2011) (holding that defendant "failed to make the requisite showing" for sanctions based on purported destruction of recordings because, *inter alia*, "with respect to the alleged recordings, it is not clear that any were ever made").

[2] *Available at* http://www.ca2.uscourts.gov/decisions/isysquery/0be836a6-212d-447a-8242-ceaa7ff8b0d0/2/doc/14-4208_opn.pdf (Aug. 31, 2016).

3

## DISCUSSION

### I. The Defendants' Document Requests Should Be Quashed and the Court Should Restrict the Scope of Any Confidential Source Testimony

Through subpoenas *duces tecum* served last week, the defendants seek to call at least eight witnesses at the upcoming hearing, including three DEA confidential sources (the "CSes"). Each of the defense subpoenas contains an impermissibly broad demand for documents. Accordingly, the defense subpoenas should be quashed in whole or in part. Moreover, the Court should restrict the scope of the testimony of the CSes to only those issues that are necessary to resolve the defendants' spoliation claims.

#### A. Relevant Facts

On August 23, 2016, counsel for Franqui Francisco Flores De Freitas ("Flores") transmitted to the Government via email nine subpoenas relating to the hearing. Counsel for Efrain Antonio Campo Flores ("Campo") sent the Government nine substantively identical subpoenas on August 25, 2016. (*See* Ex. A (defense subpoenas)). The Government agreed to accept service of the nine defense subpoenas, which were directed to 10 witnesses: (i) the three CSes identified in the Government's July 22, 2016 opposition to the defendants' pretrial motions; (ii) the "flight crew"—*i.e.*, two pilots—from the DEA aircraft that transported the defendants from Haiti to this District on November 10, 2015 (the "DEA Pilots"); (iii) a Haiti-based DEA agent who was present during some aspects of the November 10, 2015 detention and arrest of the defendants; and (iv) four U.S.-based DEA agents who were present during the

4

detention, arrest, and transportation of the defendants: Special Agents Sandalio Gonzalez III, Robert Zachariasiewicz, Leith Habayeb, and Kimojha Brooks.[3]

On August 31, 2016, the defense withdrew the subpoena relating to the DEA Pilots. The remaining subpoenas, however, contain extremely broad requests for documents and records. For example, the subpoenas directed to the CSes seek, without further specification, "[d]ocuments, information, electronic files and recordings related to [the defendants]." The subpoenas directed to four of the five DEA agents request, among other things, "[d]ocuments related to . . . the collection of, or attempts to collect, evidence from or concerning [the defendants], including, but not limited to, any notes, memoranda, correspondence, recordings or memo books."[4]

**B. Applicable Law**

Rule 17 does not provide a means of gathering discovery. *See United States* v. *Nixon*, 418 U.S. 683, 699-700 (1974); *Bowman Dairy Co.* v. *United States*, 341 U.S. 214, 220 (1951). Rather, Rule 17(c) may be used only to obtain admissible evidentiary materials. *See United States* v. *Murray*, 297 F.2d 812, 821 (2d Cir. 1962). The party seeking documents with a Rule 17(c) subpoena must therefore "clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *United States* v. *Nixon*, 418 U.S. at 700.

---

[3] In light of the Government interests implicated by the defense subpoenas, the Government has standing to seek relief from the Court pursuant to Rule 17(c)(2). *See, e.g.*, *United States* v. *Nektalov*, No. 03 Cr. 828, No. 2004 WL 1574721, at *2 (S.D.N.Y. July 14, 2004).

[4] The subpoena to Special Agent Habayeb contains a somewhat narrower request for documents. (*See* Ex. A at 11).

5

Under the first two prongs of the *Nixon* standard, the defendants must demonstrate that the requested materials are relevant and admissible as evidence. *See, e.g.*, *United States* v. *Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995) ("[I]n order to be procurable by means of a Rule 17(c) subpoena, materials must themselves be admissible evidence."). The materials sought "cannot be potentially relevant or admissible, they must meet the test of relevancy and admissibility at the time they are sought." *United States* v. *Marchisio*, 344 F.2d 653, 669 (2d Cir. 1965).

Under the specificity prong of *Nixon*, the defendants must also establish that subpoenas are "not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 700. If a subpoena seeks broad categories of documents and does not identify specific relevant information that the defendant seeks to obtain, it is impermissible under Rule 17(c). *See United States* v. *Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991); *see also United States* v. *Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) ("[T]est for enforcement is whether the subpoena constitutes a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device.").

## C. Discussion

### 1. The Defendants' Overbroad Requests for Documents and Information Should Be Quashed

The defense subpoenas contain overbroad requests for documents and information that do not target admissible evidence. Accordingly, these scattershot requests should be

6

quashed unless the defendants provide further specificity regarding admissible records they seek to offer at the hearing.

"If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *United States* v. *Treacy*, No. 08 Cr. 366, 2008 WL 5082884, at *3 (S.D.N.Y. Dec. 1, 2008) (internal quotation marks omitted). For example, in *United States* v. *Barcelo*, the court quashed a subpoena seeking:

> "Any and all documents, either paper or electronically stored[,] that the [DEA] has in its possession which pertain to best practices or guidance to Special Agents of the DEA which were applicable to official conduct on or about May and June, 2012 on the following topics: Arrest procedures, handcuffing, searches, administration of rights, consent searches, drawing of weapons, obtention of statement from subjects or arrestee."

No. 13 Cr. 38, 2014 WL 4058066, at *4 (S.D.N.Y. Aug. 15, 2014) (quoting subpoena). The court characterized the subpoena as "a very broad request . . . [submitted] in the hope that there might be something in there that can be used to impeach a witness," and ruled that the subpoena failed to meet the "admissibility and specificity hurdles required by Rule 17(c)." *Id.* at *4, *15 n.5. The defendants' document requests pursuant to Rule 17(c) are even broader than those in *Barcelo*. For example, the requests seek witness statements and impeachment material, which is prohibited by the express terms of Rule 17. *See* Fed. R. Crim. P. 17(h) ("No party may subpoena a statement of a witness or of a prospective witness under this rule. Rule 26.2 governs the production of the statement."). Therefore, the document requests in the defense subpoenas should be quashed.

### 2.  The Scope of the Confidential Sources' Testimony Should Be Restricted to the Defendants' Spoliation Arguments

The Government will make available for the hearing, among other witnesses, Special Agents Gonzalez, Zachariasiewicz, Habayeb, and Brooks.  The defense has also subpoenaed each of the CSes to testify.  However, the defendants should not be permitted to use the upcoming hearing to test the merits of the Government's case or their anticipated entrapment defense.  Rather, the Government respectfully submits that the scope of any testimony from the CSes should be restricted narrowly to the spoliation-related issues at the hearing:  (i) whether DEA agents or CW-1, who was murdered in December 2015, destroyed evidence with apparent exculpatory value relating to CW-1's October and November 2015 meetings with the defendants; and (ii) whether DEA agents or any of the CSes altered or destroyed recordings with apparent exculpatory value that were made during the investigation.

Because the defendants have not claimed that any sample allegedly taken by the CSes from the kilogram of cocaine that they brought to the late-October 2015 meeting in Caracas, Venezuela "possessed exculpatory value that was apparent" before it was allegedly destroyed, *California* v. *Trombetta*, 467 U.S. at 489, further fact-finding is unnecessary to resolve that aspect of their spoliation motion.  *See Arizona* v. *Youngblood*, 488 U.S. at 56 n.* ("The *possibility* that the semen samples *could have* exculpated respondent if preserved or tested is not enough to satisfy the standard of constitutional materiality in *Trombetta*." (emphasis added)); *see also Greenberg* Op. at 18 ("Failure to satisfy any of these requirements . . . is fatal to a defendant's spoliation motion.").

Moreover, the defendants' argument that the CSes selectively recorded statements of the defendants may be a basis for cross-examination and argument at trial, but it does not raise a due process issue and is not a basis for suppression. *See United States* v. *Andreas*, No. 96 Cr. 762, 1998 WL 214666, at *3 (N.D. Ill. Apr. 22, 1998) ("The court is unaware of any authority which recognizes selective taping as a basis for a constitutional challenge to the admissibility of covert audio surveillance by the government."); *see also United States* v. *Chaudhry*, 850 F.2d 851, 857 (1st Cir. 1988) ("We see no basis for the imposition, by judicial fiat as it were, of an 'all-or-nothing' rule, requiring officers to record *all* conversations (heedless of risk, opportunity, or likely fruitfulness) or none, with no middle ground." (emphasis in original)); *United States* v. *Arteaga*, 807 F.2d 424, 426 (5th Cir. 1986) ("While there is [a due process] obligation to preserve recordings once they have been created, there is no general duty to make recordings in the first place . . . ."). Thus, the defense should not be permitted to probe the substance of the CSes' communications with the defendants at the hearing.

## II. The Parties Agree that Sensitive Features of the Recording Devices Are Beyond the Scope of the Hearing

The DEA and the CSes used three types of highly sensitive recording devices to surreptitiously record statements of the defendants during the investigation. For purposes of the defendants' spoliation arguments, the Government respectfully submits that the relevant questions regarding these devices are: (i) whether the operator of the device could start and stop the device from recording; (ii) if so, whether the device created a separate recording file when recording on the device was re-initiated; and (iii) whether the recordings stored on the devices

could be altered or deleted by the operator of the device before they were downloaded by the DEA.[5]  The Government will present testimony at the hearing regarding these features of the three devices.

The parties have agreed, for purposes of the hearing only, that the devices may be referred to as "Device-1," "Device-2," and "Device-3" in order to avoid disclosing sensitive details about this equipment.  The parties have further agreed, also for purposes of the hearing only, that it is not necessary to inquire about sensitive features of the devices, including:  (i) the physical appearance of the devices; and (ii) the manner in which the devices conceal recording equipment.

_____

[5] Defense counsel does not agree with this framing, and has informed the Government that counsel believes that, other than the agreed-upon limitation relating to sensitive features of the three devices, the scope of the relevant issues are addressed in the parties' previously filed briefs.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court quash the overbroad document requests in the defense subpoenas, and restrict the scope of the testimony at the hearing from the CSes.

Dated: New York, New York
       August 31, 2016

                                        Respectfully Submitted,

                                        PREET BHARARA
                                        United States Attorney for the
                                        Southern District of New York

                              By:       _____
                                        Emil J. Bove III
                                        Brendan F. Quigley
                                        Assistant United States Attorneys
                                        (212) 637-2444 / 2190

Cc:    Defense Counsel
       (Via ECF)

11